In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00439-CV
_____

ARTHUR F. PRESTON, Appellant

V.

STEPHANIE ANN DYER, Appellee

On Appeal from the 418th District Court
Montgomery County, Texas
Trial Cause No. 09-02-01826-CV

MEMORANDUM OPINION

Arthur F. Preston periodically deposited funds into the registry of the trial court under the terms of an agreement to supersede the judgment pending his appeal of his divorce from Stephanie Ann Dyer. *See* Tex. R. App. P. 24.1(a)(1). The trial court's judgment, which included spousal support based on an arbitrator's award, was affirmed on appeal. *See Preston v. Dyer*, No. 09-11-00200-CV, 2012 WL 5960193, at *6 (Tex. App.—Beaumont Nov. 29, 2012, pet. denied) (mem. op.). After the appellate mandate issued and the divorce decree became final, the

1

trial court signed an order releasing the funds in the registry of the court to Dyer. Preston filed a notice of appeal. We questioned our jurisdiction and obtained responses from the parties.

"In a civil case in which the judgment or amount in controversy exceeds $250, exclusive of interest and costs, a person may take an appeal or writ of error to the court of appeals from a final judgment of the district or county court." Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (West Supp. 2013). "The usual writs and orders aiding execution to collect a final money judgment are not, in general, appealable orders." *Lovall v. Yen*, No. 14-07-00770-CV, 2008 WL 361373, at *2 (Tex. App.—Houston [14th Dist.] Feb. 12, 2008, no pet. ) (mem. op.); *but see In re Levitas*, No. 13-10-00345-CV, 2010 WL 2968189, at *3 n.2 (Tex. App.—Corpus Christi July 27, 2010, orig. proceeding) (mem. op.) (recognizing that an order concerning the value of the property's rent or revenue during the pendency of the appeal was an appealable order).

Preston contends he made periodic payments into the court's registry in the amount required by the judgment, without adjusting for offsets required by the parties' premarital agreement, but which were not incorporated into the arbitral award or the divorce decree. Preston asserted that his deposits exceeded a cap contained in the pre-marital agreement, but the divorce decree does not provide for

adjustments based upon Preston's adjusted gross income for the years in which periodic payments are required. The trial court's order releasing funds concerns only enforcement of the judgment. No further factual determination is necessary by the trial court to determine who is entitled to the funds deposited under the terms of the parties' supersedeas agreement. Because the order is a ministerial order incidental to our mandate, it is not appealable. *See Lovall*, 2008 WL 361373, at *2. We dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.

_____
CHARLES KREGER
Justice

Opinion Delivered December 12, 2013

Before McKeithen, C.J., Kreger and Horton, JJ.